EQUITABLE LIFE ASSUR. SOC. OF UNITED STATES v. ASKEW.

(Division A, Jan. 25, 1943.)

[11 So. (2d) 441. No. 35248.]

**Heidelberg & Roberts**, of Hattiesburg, **Watkins & Eager**, of Jackson, and **Alexander & Green**, of New York, N. Y., for appellant.

Hannah, **Simrall** & **Foote**, of Hattiesburg, for appellee.

Argued orally by **M. M. Roberts** and **Tom Watkins**, for appellant, and by **Jas. R. Sumrall**, for appellee.

**Smith, C. J.**, delivered the opinion of the court.

The appellee is the beneficiary in two life insurance policies issued by the appellant to Charles D. Askew, each in the sum of $1,000 and both of which contained this clause:

"Upon due proof that the death of the Insured resulted solely from bodily injuries caused directly, exclusively and independently of all other causes by external, violent and purely accidental means, subject to the terms and conditions hereinafter stated, the Society agrees to increase the amount payable as stated on the face hereof, to Two Thousand Dollars.

"This increased amount of insurance in case of accidental death shall be payable upon receipt of due proof

that the death of the Insured occurred while this policy was in full force and effect, and resulted solely from bodily injuries, caused directly, exclusively and independently of all other causes by external, violent and purely accidental means, provided that death shall ensue within 90 days from the date of such injuries and shall not be the result of or be caused directly or indirectly by self-destruction, sane or insane, disease or illness of any kind, physical or mental infirmity.''

On May 26, 1941, the insured fell, breaking his hip, and died on July 5, 1941. The appellant paid the $2,000 absolutely due under the policies on the death of the insured, but denied liability for the additional $2,000 agreed to be paid therein on the happening of the events set forth in the clause thereof hereinabove set out, for the collection of which this action was brought. When the appellee rested her case the appellant did likewise, introducing no evidence. A request by the appellant for a directed verdict was denied, but a similar request by the appellee was granted and there was a verdict and judgment accordingly. In support of its contention that the appellee's request for a directed verdict should have been denied and that its request therefor should have been granted, the appellant says that the appellee did not meet her burden of proving (a) that the insured's fall was caused by accidental means, and (b) that his death was not the result of nor caused by disease or illness. The first of these contentions will be pretermitted and the evidence bearing thereon will not be set out.

The evidence discloses as to the second that in 1936 a ruptured brain blood vessel resulted in the insured's having a stroke of apoplexy, and being paralyzed on his right side, from which he became permanently disabled and since which to his death the appellant made him payments under total disability clauses in the policies. After this stroke the insured's physical condition grew worse and he suffered and was suffering at the time of his fall with hardening of the arteries, high blood pres-

sure and a valvular heart disease from which his death might be expected at any moment. What the immediate cause of his death was does not appear.

In order for the appellee to here recover, the policy requires her to prove that the death of the insured resulted from his broken hip and not from the active disease with which he was suffering and from which alone his death might have occurred at any time. This she failed to do.

Had the evidence disclosed that the insured was suffering with a latent disease which was put actively in motion by the breaking of his hip, a different question would have been presented. United States F. & G. Co. v. Hood, 124 Miss. 548, 87 So. 115, 15 A. L. R. 605. The appellant's request for a directed verdict should have been granted.

Reversed and judgment here for the appellant.