•SMITH, Justice:
This was a suit to recover the face amount of a limited coverage accident insurance' policy issued by Travelers Insurance Company to B. .Cowart, brought in the Circuit Court of Oktibbeha County by his widow-beneficiary, Mrs. Ellene G. Cowart, appellee. -From a judgment for appellee, Travelers Insurance Company has appealed.
The suit was brought under the. $5,000 death benefit provision of the policy, for which a premium of -ninety-five cents per month had been charged. Under the terms of the policy, coverage was-limited to loss “resulting from accidental, bodily injuries which are the direct and independent cause of the loss” and there-was expressly excluded from coverage “any loss caused or contributed to by, disease.”
Several grounds are . assigned -for reversal, some of which appear to have merit; but, in view of the-conclusion we have reached, it is necessary to notice only one.
The insured was a member of the Mississippi State Highway Patrol! His own doctor, a Dr. Howell, testified as a witness for appellee. ' He said that Cowart had a long history of serious heart disease with considerable hospitalization and loss of time' due to heart attacks and stated that the decedent had “an enlarged heart” and that he had suffered a partial paralysis of the left arm, leg and face.
Cowart’s death certificate showed that •he died August 6, 1965, at the age of 63, the cause of death having been a myocardial .infarction. Dr. Howell’s file, was introduced into evidence and showed beyond question that decedent 'had suffered from cardiac and vascular disease for a long time and had experienced at least two cardiovascular incidents prior to his death. Also, there is in evidence a handwritten letter written by Dr. Howell himself stating that, in his opinion, Cowart’s death *888 was caused, approximately 50% by his occupation and 50% by his “underlying pathology.”
Dr. Howell testified that at the time of his death Cowart was not a normal healthy man, but was a heart patient; that he would not have died when he did except for the disease of atherosclerosis. When asked if this disease contributed to Cowart’s death, he replied, “Certainly, it did.” He further stated, “It had to be present for him to have died. * * * ”
Dr. Howell explained that he meant Cowart’s vascular disease and atherosclerosis by the phrase “underlying pathology” he used in his opinion that underlying pathology had contributed 50% to Cowart’s death. He said that this disease was active, was gradually worsening, and that it was not latent or dormant, ' "and that it was a virulent disease that might have caused death at any time.
A Dr. Gandy, who had treated Cowart for these diseases over a considerable period of time, was not permitted to testify upon objection of appellee, under the privileged communications statute. However, the file contains a report made by Dr. Gandy dealing with Cowart’s medical history. This report outlined generally the history of Cowart’s illness, showing that he had been admitted to Jefferson Davis Memorial Hospital on September 28, 1964, with acute pulmonary edema due to hypersensitive cardiovascular disease; that on September 30, 1964, he suffered a cerebral vascular incident (stroke), which had interfered with his muscular coordination and involved his speech and use of his left arm. The report indicated that when this condition improved Cowart was transferred to the hospital at Starkville on October 9, 1964, for additional treatment and convalescence. The doctor’s diagnosis as reflected by this report was that Cowart had a long-standing hypertension and acute pulmonary edema due to hypersensitive cardiovascular disease and cerebellar thrombosis.
Also, in evidence is the report of an electric cardiogram taken for Dr. Howell, showing a left ventricular strain.
Dr. Howell agreed that the cause of death was as stated in the death certificate, and that Cowart had died of a myocardial infarction.
The overall medical evidence conclusively establishes that preexisting disease was a material contributing factor in the death of Cowart.
From the whole record, the conclusion is inescapable that Cowart’s preexisting disease, if not the sole cause, at the very least was a substantial contributing cause of his death. The policy clearly afforded no coverage under the circumstances appearing in this record. It is impossible to say from the undisputed evidence of Cowart’s own doctor that death resulted directly from “accidental bodily injury” which was independent of any other cause.
Under the plain terms of this limited type of accident policy, in order to be covered, death must have so resulted and, in addition, must not have been “caused or contributed to by disease.”
Death occurred in the course of an effort on Cowart’s part to remove some type of badge or button from a person under arrest. There was some physical contact, but it was very slight, no blows were struck, the incident lasted only for a moment, and nothing occurred that reasonably can explain his sudden death, if his existing heart disease is left out of consideration.
This case is controlled by the principles laid down in Mutual of Omaha Ins. Co. v. Deposit Guaranty Bank & Trust Co., 246 Miss. 640, 151 So.2d 816 (1963). The trial court was in error in refusing to direct the jury to return a verdict for appellant.
Reversed and judgment here for appellant.
ETHRIDGE, C. J., and RODGERS, BRADY, and PATTERSON, JJ., concur.