ROBERTSON, Justice.
The cases of Mrs. Annie F. Ruscoe v. Standard Life and Accident Insurance Company, Oklahoma City, Oklahoma, and Mrs. Annie F. Ruscoe v. Lincoln American Life Insurance Company were consolidated for trial in the Circuit Court of the First Judicial District of Carroll County, Mississippi. The trial resulted in a jury verdict in favor of the plaintiff, Mrs. Annie F. Ruscoe, against the defendant, Lincoln American Life Insurance Company, in the sum of $2,000, and against the defendant, Standard Life and Accident Insurance Company in the sum of $2,500. The appellants appeal from the judgment based - on the verdict.
Jenkins B. Ruscoe, the husband of the appellee, took out an insurance policy with the Columbian Mutual Life Insurance Company on February 6, 1933. This policy contained a double indemnity clause as follows:
“The Company will pay the increased amount of insurance stipulatéd on the face hereof, if the death of the Assured occurs before default in payment of premium and such death results solely from bodily injuries caused directly, exclusively and independently of all other causes, from external, violent and purely accidental means, provided that death shall ensue within ninety (90) days from the date of such injuries, of which, other than in the case of drowning, there shall be visible contusion or wound on the exterior of the body, except that the increased amount of insurance will not be payable if the Assured’s death shall result from suicide, whether sane or insane, or any attempt thereat, sane or insane, or directly or indirectly, wholly or in part, from poisoning, infection, or any kind of illness or disease or from committing an assault or felony or from bodily injuries received while engaged in Military or Naval service in time of War or from participating as a passenger, or otherwise, in Aviation or Sub-Marine Operations.” (Emphasis added)
The insured was thirty years of age at the time the policy was taken out, and premiums were paid for thirty-two years up until the time of his death. On July 1, 1965, Lincoln American Life Insurance Company assumed all insurance contracts and agreements issued by Columbian Mutual Life Insurance Company.
On March 26, 1959, the Automobile Owners Association Insurance Company entered into an insurance contract with Jenkins B. Ruscoe insuring him against accidental death by automobile as follows:
“Part One
“Against loss from accidental bodily injury sustained while driving or riding *771 within any automobile, truck or bus for business or pleasure during- the term of this policy, provided such bodily injuries are caused solely by reason of an automobile, truck or bus accident.
“Part Two
“If the Insured shall sustain ‘Such Injury’ as described in the insuring clause and not hereinafter excepted, which shall directly and independently of all other causes result in death within sixty (60) days from the date of accident, the Company will pay the sum of Two Thousand Five Hundred Dollars ($2,500.00).” (Emphasis added.)
On May 27, 1959, the Automobile Owners Association Insurance Company changed its name to “First National Life Insurance Company of America,” and then, on April 1, 1961, the defendant, Standard Life and Accident Insurance Company of Oklahoma City, Oklahoma, reinsured all of the policies theretofore issued or assumed by First National Life Insurance Company of America, which included the policy issued to Jenkins B. Ruscoe.
These two cases are based on the same accident and same set of facts as Zurich Insurance Company v. Ruscoe, Miss., 203 So.2d 305, decided by this Court in October, 1967. Reference is made to that case for a full statement of the accident, injuries and subsequent death of Ruscoe.
The collision between Ruscoe’s Volkswagen and a truck occurred on February 11, 1965, about 4 p. m., and he died about thirty-six hours later at 4 a. m. on February 13, 1965, while a patient in the Greenwood-Leflore Hospital.
The only essential difference in the trial of this consolidated case and Zurich was that in this case Dr. William H. Rosenblatt and Dr. F. Earl Fyke, Jr., exceptionally well qualified cardiologists and internists, heard all of the testimony and then testified as expert witnesses. Neither of these doctors had ever seen or examined the deceased before or after the accident, and, of course, their opinions as medical experts were based on the testimony they heard at the trial and on their knowledge and experience in their special field of medicine.
As was stated in Zurich, the force of the collision was so violent that it caused Ruscoe’s automobile seat to break loose from its moorings and to' turn over backwards. One witness testified that the Volkswagen appeared to have bounced back about four or five feet after the impact. The front end of the Volkswagen was bent in badly, the steering wheel was bent, and Ruscoe suffered what Dr. Lucas, the attending physician, described as a “moderately severe cerebral concussion.” Dr. Lucas listed his findings, as follows:
“[He] had a cerebral concussion as evidenced by the fact that he was confused and could not recall the accident, and he had abrasions about his hands and elbows and he complained of a pain in his neck and head and soreness in the area of his shoulders and upper chest.”
Mrs. Ruscoe testified that he had a large knot on one side of his head, a small one on the other side, cuts on his hands and arms and a bruise on his chest. He complained constantly of the severe pain in his head and remained in an irrational, confused and agitated state of mind from the time of the accident until his death.
He was unattended in the hospital from midnight till 4 a. m. when he died, and none of the doctors are positive as tO' the exact cause of death. They all admitted this on the witness stand.
In criticizing Instructions 3 and 4 for the plaintiff, defendants-appellants attempt to relitigate the concept that not only does the determination of proximate cause by the jury apply to tort actions, but also to the interpretation of insurance contracts. We pointed out in Zurich that Mississippi *772 crossed this Rubicon many years ago, specifically in 1920.
In Zurich, we said:
“Many years ago Mississippi charted its course as to the rule to be applied in the construction of contractual stipulations contained in insurance policies. In this State the rule of proximate and remote causes has been consistently applied since the decision in the hallmark case of United States Fidelity and Guaranty Company v. Hood, 124 Miss. 548, 87 So. 115, 15 A.L.R. 605 (1920). Another rule was laid down in that case which has been adhered to by this Court over the years. It was succinctly stated by [the late] Judge [George] Ethridge in the Hood case in these words:
“ ‘We think that, if the accident is the proximate cause of the death and sets in motion or starts a latent or dormant disease, and such disease merely contributes to the death after being so precipitated by the accident, it is not a proximate cause of the death nor a contributing cause within the meaning of the terms of the policy.’ 124 Miss. at 572, 87 So. at 119, 15 A.L.R. at 612.
“Where there is evidence on which reasonable men might differ, the question of what was the proximate cause of death is one for the jury to decide.
“This Court has upheld jury verdicts for the Plaintiff, where the jury decided that the accident was the proximate cause of the death because it set in motion or caused to flare up or light up a latent or dormant disease, in the following cases: United States Fidelity & Guaranty Company v. Smith, 249 Miss. 873, 164 So.2d 462 (1964); Mutual Life Insurance Company of New York v. Smith, 248 Miss. 448, 160 So.2d 203 (1964); Mutual Life Insurance Company of New York v. Rather, 221 Miss. 527, 73 So.2d 163 (1954); Standard Life Insurance of the South v. Foster, 210 Miss. 242, 49 So.2d 391 (1950); and Metropolitan Life Insurance Company v. Williams, 180 Miss. 894, 178 So. 477 (1938).
“The Fifth Circuit Court of Appeals upheld a jury verdict and applied the Mississippi Rule in the case of New York Life Insurance Company v. Schlatter, 203 F.2d 184 (1953).
“The latest case applying this rule was Peerless Insurance Company v. Myers et al., Executors, 192 So.2d 437 (Miss.1966). * * *” (Id., 203 So.2d at 308-309).
Even the four doctors were not sure as to the proximate cause of Ruscoe’s death. The question of the proximate cause of his death was properly a question for the jury to answer. The matter was properly submitted to the jury under instructions which, taken and considered as a whole, fairly present the applicable law. The fact that the defendants secured some rather strong instructions on their theory of the law should not militate against the plaintiff, whose instructions were proper statements of the applicable Mississippi law.
The decision in Zurich is decisive and determinative of all the issues in this case. The verdict of the jury, and the judgment based thereon, is well supported by the evidence. We affirm the judgment of the lower court.
Affirmed.
GILLESPIE, P. J., and JONES, PATTERSON, and INZER, JJ., concur.