Mrs. Veda T. BRITT, Plaintiff-Appellee,

v.

The TRAVELERS INSURANCE COMPANY, Defendant-Appellant.

No. 75–2907.

United States Court of Appeals, Fifth Circuit.

Jan. 30, 1978.

Forrest W. Stringfellow, Jackson, Miss., for defendant-appellant.

Harry R. Allen, Gulfport, Miss., Emmett R. Cox, John F. Janecky, Mobile, Ala., for plaintiff-appellee.

ON PETITION FOR REHEARING

(Opinion July 25, 1977, 5 Cir., 1977, 556 F.2d 336).

Before WISDOM, CLARK and RONEY, Circuit Judges.

BY THE COURT:

In her petition for rehearing Mrs. Britt has demonstrated that the paragraph in our original opinion dealing with the burden of proof is an incomplete statement of the law of Mississippi and results in an incorrect application of that law to this case. After reconsidering our original opinion, we are persuaded that Mrs. Britt's petition should be sustained and that this part of the opinion should be withdrawn. Further consideration in the light of this change also persuades us that the portion of the opinion dealing with the requirement that contribution by pre-existing disease or infirmity

must be "substantial" is likewise an inaccurate statement of Mississippi law. We therefore grant the petition for rehearing and modify the court's prior opinion as follows: The entire paragraph numbered [5, 6], which begins with the sentence "However, the instruction raises several different, discrete issues," and the entire paragraph numbered [8], which begins with the sentence "Travelers takes issue with several other facets of the instructions, but we find no error in these," are withdrawn and the following text is substituted in place of the first of these paragraphs:

■ Under Mississippi law a plaintiff has the burden of proving a right to recover under the insurance policy sued on. *See Pritchard v. Insurance Company of North America,* 61 F.R.D. 104, 109 (N.D.Miss. 1973); *Jefferson Standard Life Insurance Company v. Jefcoats,* 164 Miss. 659, 143 So. 842, 844–45 (1932). That basic burden never shifts from the plaintiff. *See Taylor v. Insurance Company of North America,* 263 So.2d 749, 751 (Miss.1972). However, Mississippi has additional burden of proof rules which apply in this insurance policy litigation. Although the insured retains the basic burden, the defending company is required to prove any affirmative defense it may raise.[1] In *Commercial Union Insurance Company v. Byrne,* 248 So.2d 777 (Miss.1971), the policy of insurance underwrote a dwelling casualty risk in broad "all risks" language, then excluded specific areas. The court assigned to the insurance company the burden of proving an affirmative assertion in its defensive pleadings that the insured event—storm loss to the dwelling—was subject to a stated exclusion for water damage. In *Lunday v. Lititz Mutual Insurance Co.,* 276 So.2d 696 (Miss.1973), precisely the same factual conflict—whether the dwelling loss was due to wind or water damage—was presented in a suit on

a policy which furnished only the standard fire and extended perils coverage. The policy also contained an express exclusion for water damage. The company's only defense was a general denial. The court held that the burden of proof remained on the plaintiff.

■ The case at bar presents similar burden of proof issues in a most confusing context. The company here has asserted the subject matter of its defense—the insured's bodily or mental infirmity—both as part of its general denial that an accident *caused* his death and by way of an affirmative defense that even if the death was accidental, a pre-existing infirmity *contributed* to that event. Insofar as the company asserted that Mr. Britt's death was caused by his bodily or mental infirmities, its defense was a denial of the assertions in the complaint and the burden of proving accident as the cause of death never shifted from the plaintiff. The company also pled as an affirmative defense that a pre-existing infirmity or disease contributed to Mr. Britt's demise. The burden of proving this latter assertion was upon the company.

The underlying conflict of accident versus infirmity or disease is present both in Travelers' denial of Mrs. Britt's assertions and in its affirmative defense. The real tension in the situation is between cause and contribution. The problem is that the court's instructions never made this crucial distinction plain to the jury. The court's instructions should have emphasized the distinction between causation and contribution. Also, requiring the jury to follow a two-step process in their deliberation could have simplified the charge.[2] Although we would not undertake to frame an instruction which must be used on retrial since the phrasing should depend upon how the issues are developed, we have set out in the mar-

---

1. Mrs. Britt asserts that burdens of proof should be assigned based upon whether the policy language expresses the subject matter of the company's defense as an exclusion. Although the result would often be the same, this assertion is not technically correct. Pleadings, not policy language, control.

2. Fortunately, the Mississippi Supreme Court's elimination of the issues related to whether exposure can be an accident will simplify both retrial and charge. *See Britt v. All American Assurance Co. of Louisiana,* 333 So.2d 629 (Miss.1976).

gin an appropriate form of instruction that would conform to the proof as previously made.[3]

 Travelers also contends that it was improper to increase its burden by requiring it to establish that bodily or mental infirmity "substantially" contributed to Mr. Britt's death. We agree. In the context of the instruction given, the inclusion of this adverb pushed Travelers' burden past the bounds of contribution and back into causation. In explaining his use of "substantial" the trial judge appears to have relied on *Travelers Insurance Company v. Cowart*, 196 So.2d 887 (Miss.1967).[4] That case does not, however, justify the addition of the word "substantial." "Contribution" has a sufficiently clear meaning so as not to require modification. That is especially true when it must be sharply juxtaposed to "cause" as in the case at bar.

The opinion is further modified by the insertion of the following additional paragraph at the conclusion of the opinion:

This close case was hard-fought and well-tried by court and lawyers. Upsetting this jury's verdict clearly does not presage a contrary result on retrial. However, hindsight and the more deliberate atmosphere of the appellate process disclose the respective burdens of proof were instructed in a confusing and improper manner which we are convinced seriously impaired the ability of the jury to resolve the facts. The judgment appealed from is reversed and the case is remanded for further proceedings.

REVERSED and REMANDED.

---

**3.** Mrs. Britt asserts that exposure caused Mr. Britt's death. Travelers asserts that the state of Mr. Britt's health was such that a pre-existing infirmity or disease either caused or contributed to his death. The difference between the terms "cause" and "contribution" is very important in this case. "Cause" and "contribution" are alike in that both describe factors that help to produce a result. Although both "cause" and "contribution" indicate a direct connection to a result, a contribution involves a less direct and less immediate connection than does a cause. To be a "cause" of Mr. Britt's death, exposure must have had such an impact on Mr. Britt that his death would not have occurred at that time without the exposure. By contrast, an infirmity or disease would contribute to Mr. Britt's death if it moved the sequence of events toward that result.

You may decide this case by considering cause and contribution in a two-step process. First, you should decide whether Mr. Britt's death was caused by exposure. The burden is on Mrs. Britt to establish by a preponderance of the evidence that Mr. Britt's exposure was accidental and that without such exposure Mr. Britt would not have died when he did. If the proof does not show that such exposure caused Mr. Britt's death, then Mrs. Britt has not carried her burden of proof and your verdict must be for Travelers.

If the proof shows that accidental exposure caused Mr. Britt's death, then you must make a second decision as to whether Travelers has proved by a preponderance of the evidence that bodily or mental infirmity contributed to Mr. Britt's death. If the proof shows that bodily or mental infirmity contributed to Mr. Britt's death from exposure, then your verdict must be for Travelers. If you are not persuaded that bodily or mental infirmity contributed to Mr. Britt's death, then your verdict must be for Mrs. Britt.

**4.** The actual reference was to a quotation from *Cowart* in *English v. Insurance Co. of North America*, 270 F.Supp. 713, 722 (N.D.Miss.1967), affirmed, 395 F.2d 854 (5th Cir. 1968).