**Velma S. MALLEY, Plaintiff,**

**v.**

**The MINNESOTA MUTUAL LIFE INSURANCE COMPANY, Defendant.**

**Civ. A. No. S90–0092(P).**

United States District Court, S.D. Mississippi, S.D.

July 1, 1991.

Deborah M. Williams, Picayune, Miss., for plaintiff.

Clifford K. Bailey, III (Wise Carter Child & Caraway), Jackson, Miss., for defendant.

## MEMORANDUM OPINION AND ORDER

PICKERING, District Judge.

This cause comes before the Court on the Motion for Summary Judgment of the Defendant, Minnesota Mutual Life Insurance Company ("Minnesota Mutual"). Having reviewed the parties' briefs and authorities related to the motion, the Court finds as follows:

### I.

### FACTUAL BACKGROUND

The Complaint in this action seeks benefits under a certain insurance policy ("the policy"), issued by Minnesota Mutual on the life of Clinton Malley. The beneficiary of the policy is Plaintiff Velma S. Malley, Clinton Malley's widow. The policy, issued as a Group Mortgage Accidental Death Insurance Policy to Bailey Mortgage Company, provided accidental death benefits in the event the insured "died as the result of an accidental injury." *See* Exhibit A to Defendant's Motion for Summary Judgment. The policy defined "accidental injury" as follows:

> Death by accidental injury as used in this policy means that the insured debtor's death results directly and independently of all other causes *from an accidental drowning or from an accidental injury which was unintended, unexpected, and unforeseen....*

(emphasis added).

The policy included an exclusion from the payment of death benefits even in the event of accidental injury:

> In no event will we pay the accidental death benefit where the insured debtor's death results from or is caused directly or indirectly by any of the following: (3) bodily or mental infirmity, illness or disease.

Exhibit A to Defendant's Motion for Summary Judgment.

It is undisputed that Clinton Malley died on July 18, 1987. The Certificate of Death indicates that Malley's cause of death was cardiopulmonary arrest due to acute myocardial infarction. *See* Exhibit C to Defendant's Motion for Summary Judgment. The exact circumstances preceding Malley's fatal heart attack are at the center of the dispute in this case.

Minnesota Mutual maintains that Malley's death was the sole result of his heart attack, which is a bodily or mental infirmity excluded from coverage under the policy. In support of its contention, Minnesota Mutual has produced the deposition of testimony of Sergeant Paul Acker of the Picayune Police Department. Sergeant Acker testified that he was driving eastbound on Goodyear Boulevard in Picayune on July 18, 1987, when he passed Malley. Malley was travelling in the opposite direction on Goodyear Boulevard, driving a wrecker at approximately 25–30 miles per hour.

Acker further testified that he waved to Malley as the two vehicles passed. However, Malley was allegedly leaning over to the right of his seat and either did not see Acker or did not wave back in response. After Malley passed Acker's vehicle, Acker heard a "bang", looked through his side mirror, and saw that Malley had struck another vehicle parked on Goodyear Boulevard. Acker turned around to go investigate the accident. When he arrived, Acker found that Malley was in apparent distress, gasping for breath. Therefore, Acker radioed for an ambulance. When assistance arrived for Malley, he was taken across the street to Crosby Memorial Hospital, where he was pronounced dead.

Acker prepared a report on the accident, which indicates that the collision occurred at approximately 11:14 a.m. on July 18, 1987. Acker's investigation revealed that the bumper guard and right front fender of Malley's wrecker struck the lower right rear fender of the parked vehicle. There was no damage to Malley's vehicle and only light damage to the parked vehicle. Malley was pronounced dead at 12:01 p.m. on July 18, 1987, approximately 45 minutes after the collision witnessed by Sergeant Acker.

Based upon Acker's testimony, Minnesota Mutual deduces that Malley was having a heart attack at the time he passed Acker on Goodyear Boulevard and argues that there is no coverage available under the accidental death policy. In response to Minnesota Mutual's argument, Velma Malley points out that there is no evidence of Malley having suffered from a preexisting medical condition. Velma Malley also contends that a jury might reasonably infer that her husband was not having a heart attack when he passed Sergeant Acker.

## II.

### CONCLUSIONS OF LAW

The standard this Court must apply in ruling on a motion for summary judgment is set forth clearly in Rule 56(c) of the Federal Rules of Civil Procedure. Stated briefly, the Court should grant the motion if the Court is convinced that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Fed.R.Civ.P.* 56(c). The United States Supreme Court has also stated that summary judgment is mandatory where a party fails to prove the existence of an element essential to his case on which he bears the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–323, 106 S.Ct. 2548, 2552–2553, 91 L.Ed.2d 265 (1986). In this matter, the burden of proof rests upon Velma Malley to establish that Clinton Malley died as a result of accidental injury, as required under the policy in question. *See Southern Life & Health Ins. Co. v. Kemp*, 300 So.2d 782 (Miss.1974). In its rebuttal brief, Minnesota Mutual contends that Velma Malley has failed to meet her burden of proof. Specifically, Minnesota Mutual states: "It is not Minnesota Mutual's burden to show that Mr. Malley's heart attack was *not* accidental. It is the Plaintiff's burden to show that it was." Defendant Reply to Plaintiff's Memorandum at 2. Minnesota Mutual's contention is only partially correct.

As the United States Court of Appeals for the Fifth Circuit pointed out in *Britt v. Travelers Ins. Co.*, 566 F.2d 1020

(5th Cir.1978), a plaintiff has the burden of proving a right to recover under the insurance policy in question and this burden never shifts from the plaintiff. *Id.* at 1022. However, where the insurance company pleads as an affirmative defense that a preexisting infirmity or disease contributed to the death, then the insurer has the burden of proving its affirmative defense. *Id.* In this case, Minnesota Mutual contends that Clinton Malley's death was the result of a bodily or mental infirmity. Thus, Minnesota Mutual bears the burden of proof in establishing the existence of a bodily or mental infirmity.

■ Minnesota Mutual rests its argument solely upon the premise that Malley's death as a result of an acute heart attack was caused by bodily or mental infirmity. Yet, Minnesota Mutual offers no evidence or other basis upon which the Court might conclude that Malley's fatal heart attack was proximately caused by a bodily or mental infirmity, illness or disease. There is no proof offered to suggest that Malley suffered from any preexisting heart disease or other illness which might have caused his death at any time. *Cf. Equitable Life Assur. Soc. of United States v. Askew,* 194 Miss. 347, 11 So.2d 441 (1943).

While Minnesota Mutual takes the position that the fatal heart attack had already begun when Sergeant Acker passed Clinton Malley, and that the heart attack was the sole cause of death, there remains the possibility that the accident may have precipitated the fatal heart attack. *Cf. United States Fidelity & Guaranty Co. v. Hood,* 124 Miss. 548, 87 So. 115 (1921) (disease precipitated by accident is not proximate cause of death). The Court cannot say at this juncture, whether the collision set in motion Malley's fatal heart attack or whether the heart attack precipitated the accident. Moreover, there are numerous Mississippi cases holding that a heart attack may be considered an "accidental injury." *See, e.g., Hardin's Bakeries v. Dependent of Harrell,* 566 So.2d 1261 (Miss. 1990); *Mississippi Research and Development Center v. Dependents of Shults,* 287 So.2d 273 (Miss.1973). While most of these cases involve workers' compensation claims, the fact remains that a heart attack may be considered an injury which is "unintended, unexpected, and unforeseen", as required by the terms of Minnesota Mutual's policy.

■ Since Minnesota Mutual has produced no evidence supporting its conclusory contention that Malley's death as a result of a heart attack was manifestly caused by a bodily or mental infirmity, illness or disease, the Court finds that Minnesota Mutual has failed to establish that there is no genuine issue for trial and that Minnesota Mutual is entitled to judgment as a matter of law. At this stage, it appears that this is a case for the jury to determine whether Clinton Malley's death resulted from such a bodily or mental infirmity, illness or disease. Of course, the Court will likely have to rule upon the issue again before the case is presented to the jury.

For these reasons,

IT IS HEREBY ORDERED AND ADJUDGED that the Defendant's Motion for Summary Judgment is hereby OVERRULED.

SO ORDERED AND ADJUDGED.