Gloria TURNIPSEED and Michael T. McClendon Plaintiffs

v.

UNUM LIFE INSURANCE COMPANY OF AMERICA; Commercial Life Insurance Company; FISI Madison Financial; and Inter–City Federal Savings Bank Defendants

No. Civ.A.3:99–CV–286WS.

United States District Court, S.D. Mississippi, Jackson Division.

Sept. 23, 2002.

---

Mark D. Lumpkin, James R. Reeves, Jr., Minor and Associates, Biloxi, MS, for plaintiffs.

John E. Hughes, III, Kelly D. Simpkins, Wells, Marble & Hurst, Jackson, MS, for defendants.

## ORDER

WINGATE, District Judge.

Before this court is the motion of FISI Madison Financial (hereinafter "FISI") asking this court to reconsider this court's previous Order denying FISI's motion to dismiss. In that previous Order, a one-page document, this court simply denied FISI's motion to dismiss without elaboration. Now, in the aftermath of further briefing and all parties agreeing that the matter of whether FISI should be dismissed from this lawsuit is a question of law which should be resolved on briefs rather than at trial, this court has decided to revisit this matter.

## PERTINENT FACTS

Lillie Mae Coburn purchased an accidental death and bodily injury insurance policy in connection with her Inter–City Federal Bank Priority Club Account on July 1, 1994. Inter–City Federal Bank is a Mississippi corporation whose principal place of business is in Louisville, Mississippi. The Priority Club is a banking service offered to Inter–City's customers which includes such features as special checking, credit card registration, discounts on eyewear, discounts on travel and accommodations, and a $10,000.00 accidental death policy for a fee of $6.00 per month. The Priority Club allowed members to increase the face value of the accidental death policy to $20,000.00 for a fee of $7.00 per month, and to $30,000.00 for a fee of $8.00 per month. Ms. Coburn designated her daughter and grandson, the plaintiffs in the instant case, as the beneficiaries of this policy in the event of her accidental death.

The accidental death and bodily injury policy was issued by Commercial Life Insurance Company, a Maine corporation with its principal place of business in Piscataway, New Jersey. Commercial Life Insurance Company was a division of UNUM Life Insurance Company, a Maine corporation, at the time Ms. Coburn joined the Priority Club. Commercial Life Insurance Company was completely merged into UNUM in 1996.

For administration of all the Priority Club services, Inter–City Federal Bank had a service agreement with FISI, a Tennessee corporation that provides customer service packages for bank's such as Inter–City's Priority Club. Commercial Life provided the accidental death and bodily injury insurance policy which FISI included in its package, and FISI acted only as the transmittal point for claims.

While Commercial Life had an Administrative Agreement with United Bank Club Association d/b/a/ United Bank Services, an Oklahoma corporation not named as a defendant in this action, who was responsible for collecting premium payments from bank clubs such as Inter–City's Priority Club, Commercial Life was the insurer and the ultimate determiner of all claims, not

FISI. When Commercial Life merged into UNUM, the latter assumed all of Commercial Life's rights and liabilities.

On June 2, 1997, while the accidental death policy in question was in force, Ms. Coburn suffered first and second degree burns as the result of a cooking accident when the gown she was wearing caught fire. On June, 28, 1997, after a short period of hospitalization, Ms. Coburn succumbed to her injuries, and her daughter, the plaintiff Gloria Turnipseed, submitted a claim form accompanied by a certificate of death to UNUM. Inter–City Federal Bank transmitted the claim form, the death certificate, a copy of Ms. Coburn's signature card and copies of her last two bank statements to FISI Madison Financial. FISI then transmitted these documents to Commercial Life Insurance Company, by now a wholly owned subsidiary of UNUM.

On November 3, 1997, UNUM mailed a letter to Gloria Turnipseed to inform her that no benefits would be paid on her claim. Regretfully, UNUM informed Gloria Turnipseed that, "... our Medical Consultant has determined that the insured died as a consequence of cardiac arrhythmia also (sic), her refusal of blood transfusions.[1] Therefore, *the loss is not direct and independent of all causes due to accidental bodily injury*[2] (emphasis added)." Referring to the policy under Part II, Exclusions, UNUM noted that the policy does not cover, "[i]llness, disease, bodily infirmity, or any bacterial infection other than bacterial infection occurring in consequence of an accidental cut or wound."

The plaintiffs' claim thus was denied and this lawsuit was filed.

## THE PLAINTIFFS' CLAIMS AGAINST THE DEFENDANTS AND FISI

The plaintiff's complaint asserts that UNUM refuses to pay benefits pursuant to the accidental death policy. Notwithstanding this assertion, the plaintiff's complaint charges that Inter–City, FISI, Commercial Life and UNUM are acting together "in a pattern and practice of deceit, bad faith and malfeasance" to deny benefits under the policy. So, the primary tort alleged in the plaintiffs' complaint is the wrongful denial of an insurance claim.

The plaintiffs assert that the defendants, acting in combination, including FISI, failed to pay benefits; failed to interpret the policy reasonably; failed to provide any reasonable basis for denying the claim; acted in contravention of Mississippi law; failed to investigate; misrepresented that claims would be paid; relied on an invalid provision in the policy; failed to adjust the claim; converted the premiums paid rather than returning them; acted in gross disregard for the rights of the plaintiffs; and utilized unlicensed agents and adjusters. All of these claims relate to the common law tort of bad faith and the alleged breach of the common law duty of good faith and fair dealing.

Relative to the instant motion to dismiss, the plaintiffs contend that FISI's liability is based on its involvement in the procurement and sale of a policy containing an "invalid" provision. According to

---

1. According to the medical records, Ms. Coburn and her family adhere to the teachings of the Jehovah's Witnesses who believe in healing through faith without the assistance of certain medical procedures such as blood transfusions. Dr. Robert T. Love wrote in his progress notes that Ms. Coburn suffered anemia from lack of blood which progressed to renal failure.

2. The policy's insuring clause provides that, "[t]he loss must result directly and independently of all other causes from accidental bodily injury which occurs while this policy is in force, as to the insured, herein called 'injury'."

the plaintiffs, the provision in question, that "[t]he loss must result directly and independently of all other causes from bodily injury caused by an accident," has been held invalid by the Mississippi Supreme Court in the case of *Bankers Life & Casualty Company v. Crenshaw,* 483 So.2d 254, 269 (Miss.1985), *aff'd,* 486 U.S. 71, 108 S.Ct. 1645, 100 L.Ed.2d 62 (1988).

FISI responds that this is not the *Crenshaw* holding, and that this interpretation of the *Crenshaw* holding has been rejected by subsequent holdings of the courts. Thus, says FISI, if the only basis for its liability is the presence of the aforesaid provision in the insurance policy, then dismissal of FISI from this lawsuit is appropriate. Otherwise, says FISI, it is not the insurer, it did not set the terms of the policy in question, and it made no decisions regarding whether a claim would be paid or denied.

## STANDARD ON MOTIONS TO DISMISS

A defendant may move for dismissal of a complaint that fails to state a claim for which relief can be granted pursuant to Rule 12(b)(6) [3] of the Federal Rules of Civil Procedure. In a motion to dismiss pursuant to Rule 12(b)(6), the court must accept all well-pleaded facts as true and view the facts in the light most favorable to the plaintiff. *See Baker v. Putnal,* 75 F.3d 190, 196 (5th Cir.1996); *American Waste & Pollution Control Co. v. Browning–Ferris, Inc.,* 949 F.2d 1384, 1386 (5th Cir.1991). Dismissal is warranted if it appears certain that the plaintiff cannot prove any set of facts in support of its claim that would entitle it to relief. *Piotrowski v. City of Houston,* 51 F.3d 512,

514 (5th Cir.1995), quoting *Leffall v. Dallas Independent School District,* 28 F.3d 521, 524 (5th Cir.1994). After reviewing the complaint, and pursuant to the plaintiffs' assertion that FISI's liability is based on its involvement in the procurement and sale of a policy containing an invalid provision, this court is persuaded that the plaintiffs cannot prove facts in support of their claims which would entitle them to relief against FISI.

## ANALYSIS

FISI argues that the policy provision in question was not found to be invalid by the *Crenshaw* decision. This court agrees. In *Crenshaw* the insured suffered an injury to his right foot. During the course of the insured's convalescence, the foot became much worse, progressively lost circulation and, eventually, required amputation. When Crenshaw submitted a claim to his accidental injury carrier Bankers Life & Casualty Company, Bankers Life failed to conduct any investigation and, relying on three medical forms which did not include all the information Banker's Life normally required to make a coverage determination, Bankers Life denied the insured's claim. The insured then sued.

The Bankers Life policy contained a provision which stated that, "[i]njury wherever used in this policy means bodily injury causing the loss while this policy is in force, directly and independently of all other causes and effected solely through an accidental bodily injury to the insured person." The *Crenshaw* Court acknowledged the Mississippi Supreme Court's decision in *Peerless Insurance Company v. Myers,* 192 So.2d 437, 439 (Miss.1966),

---

**3.** Rule 12(b)(6) provides that, "[e]very defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: (6) failure to state a claim upon which relief can be granted,...."

where the Court laid down the rule ("the Peerless Rule") that, "[i]n cases involving insurance policies which allow recovery for 'loss resulting directly and independently of all other causes from accidental bodily injury,' recovery may be had where the accidental injury aggravates, renders active, or sets in motion a latent or dormant pre-existing physical condition or disease, which in turn contributes to the disability or death for which recovery is sought, and where the accidental injury is a proximate cause of the resulting loss." The *Crenshaw* Court referred to the "Peerless Rule" as a "well-established principle ... restated by this court and reaffirmed in the cases of *Zurich Insurance Company v. Ruscoe*, 203 So.2d 305 (Miss.1967); [and] *Lincoln American Life Insurance Company v. Ruscoe*, 210 So.2d 769 (Miss.1968)." Thus, it is clear that the *Crenshaw* court was not invalidating such policy provisions as are subject to the "Peerless Rule." Rather, as the *Crenshaw* Court noted, the "consistent holdings" of the Mississippi Supreme Court did not prevent recovery if the insured could show that the original trauma to this right foot had played any part in the eventual loss of his limb.[4] The *Crenshaw* Court's criticism was aimed not at the policy provision, but at how Bankers Life employed it to deny coverage.

Plaintiffs, *sub judice*, however, differ with this view of *Crenshaw*, relying upon a certain statement by the Mississippi Supreme Court in the *Crenshaw* decision located at page 269. This statement says, "[i]nstead Bankers Life denied his claim, and gave as a *reason* therefor an exclusion under the policy which its executive personnel knew was invalid under Mississippi law" (emphasis added). The syntax of the sentence may be confusing, but, in this court's view, the word "invalid" refers to the reason given for denying the claim, and not to the policy provision (exclusion).

Consistent with this court's view is the case of *Hall v. Allstate*, 737 F.Supp. 1453, 1455 (N.D.Miss.), *aff'd*, 905 F.2d 1535 (5th Cir.1990). In *Hall*, the policy defined injury to mean "bodily injury caused by an accident occurring while the insurance is in force and which injury results, within 365 days after the date of the accident, directly and independently of all other causes, in death or any other 'Loss' covered by the policy." *Id.*, 737 F.Supp. at 1454. The *Hall* court rejected the assertion by the plaintiff that this policy provision was invalid as against public policy, referring to the Mississippi Supreme Court's decision in *Peerless Insurance Company v. Myers*, 192 So.2d 437 (Miss.1966), and stating as follows:

A clause similar to the clause in this case was interpreted by the Mississippi Supreme Court to mean that the "intervening accident must be the proximate, direct cause" of the loss. *United States Fidelity & Guaranty Co. v. Hood*, 124 Miss. 548, 87 So. 115, 119 (Miss.1921). The court further stated: It is not sufficient to defeat the policy that the accident may have made some latent disease active, which disease contributed in some degree to the death. If the disease was active and of such character and virulence as to endanger life apart from the accident, but might not have done so had the accident not happened, then that may be said to be a proximate contributing cause. *Id.*, 87 So. at 120. In *Peerless Insurance Co. v. Myers*, 192 So.2d 437 (Miss.1966), the court restated the rule as follows: In cases involving

---

4. The *Crenshaw* Court specifically stated that, "[d]espite the consistent holdings of this court that such a policy provision would not have prevented Crenshaw from recovery had the trauma to his foot played any part in the loss of his limb, Bankers Life at all times prior to trial denied coverage under the above policy exclusion."

insurance policies which allow recovery for "loss resulting directly and independently of all other causes from accidental bodily injury," recovery may be had where the accidental injury aggravates, renders active, or sets in motion a latent or dormant pre-existing physical condition or disease, which in turn contributes to the disability or death for which recovery is sought, and where the accidental injury is a proximate cause of the resulting loss. (Citations omitted).

*Id.* at 1455. The *Hall* court refused to accept the contention that the Mississippi Supreme Court's *Bankers Life* opinion implicitly overruled *Peerless* and its progeny, the same contention made by the plaintiffs in the instant case. The *Hall* court stated that,

[i]n *Bankers Life* the court referred to the *Peerless* rule as a "well-established principle" and seemed to reaffirm the rule. There was some language in the opinion that indicated that the plaintiff in that case could recover benefits under the insurance policy if he could show that the accident played any part in the loss. *Id.,* at 271–72. However, the court is of the opinion that the language in Bankers Life was predicated upon the fact that plaintiff's contributing disease was dormant, not active, and consequently, the disease was not a proximate, contributing cause of the loss. The court is of the opinion that *Bankers Life* did not implicitly overrule the Peerless line of cases as plaintiff contends.

*Hall,* 737 F.Supp. at 1455. *See also Eichenseer v. Reserve Life Insurance Company,* 682 F.Supp. 1355, 1371 (N.D.Miss. 1988), *aff'd,* 881 F.2d 1355 (5th Cir.1989), where the district court said that it would "continue to interpret *Bankers Life* as it presently stands," and refused to hold that it had invalidated policy provisions containing the language, "loss resulting directly and independently of all other causes from accidental bodily injury."

## CONCLUSION

 Therefore, this court finds that inasmuch as the plaintiffs' claims against FISI Madison Financial are based wholly on the assertion that FISI was involved with issuing the plaintiff a policy which contained an allegedly invalid provision under Mississippi law, and inasmuch as this court finds that the provision in question has not been held to be invalid by any court, the motion of FISI to be dismissed from this cause [item # 88–1 reconsideration] is well taken and is hereby granted.