247 So.2d 812 (1971)
MARYLAND CASUALTY COMPANY
v.
Sallie LEGG and Conley-Morris Construction Company, Inc.
No. 46210.
Supreme Court of Mississippi.
May 10, 1971.
*813 White & Morse, Stanford Morse, Jr., Gulfport, for appellant.
Greaves & Terry, Gulfport, for appellees.
ROBERTSON, Justice:
Complainants, Sallie Legg and Conley-Morris Construction Company, Inc., brought suit in the Chancery Court of Harrison County against defendant, Maryland Casualty Company, to recover $14,500.00, the full face amount of a fire insurance policy issued by the defendant to complainant Legg. Complainants alleged a total loss by fire of a dwelling built by Conley-Morris, which was sold to, and occupied by, Sallie Legg as her home.
The policy was issued by defendant on August 2, 1967, and the fire occurred on November 1, 1967. On January 13, 1968, complainant Legg went to the office of the defendant, where a proof of loss was prepared by the defendant, stating the actual cash value at the time of the loss as $8,000.00, and "THE WHOLE LOSS AND DAMAGE" as $5,205.80. Mrs. Legg signed and swore to the proof of loss. Defendant never took any action on the proof of loss and never tendered or paid any amount to either complainant. A brief letter was written on June 14, 1968, by defendant's attorney to complainants' attorney giving notice to Mrs. Legg "to select a competent and disinterested appraiser" pursuant to the provisions of the policy. Complainant Legg did not select an appraiser. No settlement having been made, complainants filed suit on February 28, 1969, alleging a total loss and demanding judgment for $14,500.00, the face amount of the policy.
The chancellor found from the evidence that the property was a total loss; that the defendant owed $14,500.00, the face amount of the policy; that Mrs. Legg, by virtue of the proof of loss for $5,205.80, was estopped to recover any more than that amount; that Conley-Morris Construction Company was entitled to recover the full amount due it under the terms of its purchase money deed of trust; and that if there were any excess over the combined total due both complainants that the excess should be paid to Mrs. Sallie Legg. The court further found that complainants were not entitled to interest from the date of loss, but were entitled, as a matter of law, to interest from the date of the judgment.
Appellant, Maryland Casualty Company, contends that the court erred (1) in not sustaining its plea that the suit was barred because Mrs. Legg failed to appoint an appraiser, as requested in the letter of June 14, 1968; (2) in holding that appellee Legg was entitled to any sum in excess of $5,205.80, the amount set forth in her proof of loss; (3) in holding Conley-Morris was entitled to any proceeds from the insurance policy; and (4) in holding that the property was a total loss.
There was substantial evidence that the property was a total loss, and we are unable to say that the chancellor was manifestly wrong in so finding.
Having so found on disputed evidence that the property was a total loss, Section 5693, Mississippi Code of 1942 Annotated *814 (1956) applies, and any provision of the policy requiring an appraisal was written out by this statute. Franklin Fire Insurance Company v. Brewer, 173 Miss. 317, 159 So. 545 (1935).
The appellees filed a cross-assignment of error, complaining that the court erred (1) in finding that complainant Legg was bound by the proof of loss executed by her, and (2) in ruling that the appellees were not entitled to interest from the date of the loss.
The chancellor was in error in finding that Mrs. Legg was estopped to claim more than was stated in her proof of loss. The proof of loss in the sum of $5,205.80 was in effect an offer to settle for that figure; the defendant did not accept her offer and took no action whatsoever on it. Thus, there was no agreement and no accord, and, no money having been paid, there was no satisfaction.
If the defendant had tendered $5,205.80 to complainant Legg at any time before suit was filed over a year later, then defendant could have claimed that it had relied on Mrs. Legg's representations and conduct, had altered its position to its detriment and, therefore, Mrs. Legg was estopped to go back on her sworn and written word.
The elements of equitable estoppel or estoppel in pais are listed in Black's Law Dictionary (Fourth Edition, 1957), page 632, in this manner:
"The species of estoppel which equity puts upon a person who has made a false representation or a concealment of material facts, with knowledge of the facts, to a party ignorant of the truth of the matter, with the intention that the other party should act upon it, and with the result that such party is actually induced to act upon it, to his damage."
In Mississippi, we have consistently observed and applied this definition and doctrine. In the 1969 case of Birmingham v. Conger et al., 222 So.2d 388, we said:
"In order to establish equitable estoppel a party must show change of position in reliance on the conduct of another and detriment caused thereby." 222 So.2d at 392.
Maryland Casualty Company did not rely on Mrs. Legg's statement of her loss, did not alter its position in any wise and did not act to its detriment in any manner.
As to the contention of the complainants that interest should accrue from the date of loss, the chancellor was correct in turning down this argument. The record reflects that complainants never properly amended their bill of complaint to claim interest from the date of loss. Moreover, there was a bona fide dispute between the parties litigant as to the extent of the loss and the amount of this unliquidated claim was not arrived at until the chancellor rendered his decision.
There was a loss payable clause to Conley-Morris placed in the policy itself by defendant. Defendant thus acknowledged that Conley-Morris was entitled to recover as its interest appeared to be in its purchase money deed of trust.
A joint and several judgment for $14,500.00, the face amount of the policy, should have been rendered against the defendant in favor of both complainants. Upon payment of that amount, with legal interest from the date of judgment, the defendant would be absolved of all responsibility for the proper application of the proceeds of the policy.
The judgment of the lower court, as thus modified, is affirmed on direct and cross appeals.
Affirmed as modified on direct and cross appeals.
GILLESPIE, P.J., and PATTERSON, INZER and SMITH, JJ., concur.