**Mrs. Anita Doyle GOODMAN,
Plaintiff-Appellee,**

v.

**HIGHLANDS INSURANCE COMPANY,
Defendant-Appellant.**

**No. 79–1505
Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Nov. 27, 1979.

Rehearing Denied Jan. 4, 1980.

* Fed.R.App.P. 34(a);  5th Cir. R. 18.

Charles G. Copeland, George F. Woodliff, Jackson, Miss., for plaintiff-appellee.

Waller & Waller, William L. Waller, Jackson, Miss., for defendant-appellant.

Before GEE, HENDERSON and HATCHETT, Circuit Judges.

HATCHETT, Circuit Judge:

This is a diversity action arising out of a suit on an accidental death insurance policy. The primary issue is whether the insured died as a result of an accident or suicide.

The district court, after a bench trial, found that the insured's death was accidental. We affirm.

Mr. Goodman, the insured, was employed by U. S. Gypsum Company which maintained a group accident policy through the appellant, Highlands Insurance Company, insuring certain of its employees against accidental death. On October 6, 1976, while on business for U. S. Gypsum Company, Mr. Goodman was involved in a head-on collision with a transport trailer-truck. As a result of this collision, Mr. Goodman was transported by ambulance to Rush Foundation Hospital, where he was diagnosed to have multiple contusions, bruises, and a fractured left hip. While confined to the hospital, Mr. Goodman received an operation where a pin was inserted to connect the broken bones caused by the fractures. A second operation was performed on October 14, 1976, where two more pins were placed in Mr. Goodman's left hip. As his treatment progressed, he developed phlebitis in his left leg for which he was receiving treatment. On October 29, 1976, Mr. Goodman was discovered dead in the bathroom of his hospital room, hanging by the cord at the neck of his hospital gown. The gown was looped over the handle of a bed pan washing mechanism which was affixed to the bathroom wall and which formed a hook. Mr. Goodman's head was forward, and the upper part of his body was elevated off the floor. His legs were stretched out in front of him and on the floor, but his buttocks were raised above the floor.

The district court stated: "It is the opinion of this court from the facts on this very close case that it cannot be said with any degree of certainty just exactly how Goodman met his death under these strange circumstances, but he did not die as a suicide. There is a rebuttable presumption against suicide in Mississippi."

The appellant, Highlands Insurance Company, advances several points on appeal. First, they contend that the overwhelming evidence precludes a finding of accidental death by the district court. Secondly, they argue that the appellees, Goodman's surviv-

ors, are bound under Mississippi law by statements contained in the proof of loss form submitted to the insurance company under the policy. Thirdly, they argue that the trial court committed error in admitting certain medical expert opinion testimony based on possibilities. Lastly, appellant contends that certain findings of fact are contrary to the undisputed evidence.

The appellant maintains that the finding that Goodman did not die as a result of suicide is contrary to the overwhelming weight of the evidence. The appellant mainly relies on the evidence which showed that prior to his death, Mr. Goodman was notably depressed. Goodman's wife testified that he constantly discussed visions of the accident and was given to fits of crying during his hospital stay. The hospital records also reflected Goodman's depression.

■ On appeal of a case tried without a jury, "[f]indings of fact shall not be set aside unless clearly erroneous . . . ." Rule 52(a), Fed.R.Civ.P. The findings of a district court are not lightly to be set aside, for the court of appeals is not a trier of facts, and should not substitute its judgment for that of the trial court. *Baggett v. Richardson*, 473 F.2d 863 (5th Cir. 1973). The burden of showing that the district court's findings are clearly erroneous rests squarely upon the appellant. *Chaney v. City of Galveston*, 368 F.2d 774 (5th Cir. 1966). Appellant has failed to carry this admittedly heavy burden.

■ Under Mississippi law, there is a rebuttable presumption against suicide. *Jefferson Standard Life Ins. Co. v. Jefcoats*, 164 Miss. 659, 143 So. 842 (1932). Where death is caused by external and violent means, as in this case, a presumption arises that death ensued by accidental means. *Britt v. All American Assurance Co. of Louisiana*, 333 So.2d 629 (Miss.1976). Appellant maintains that the district court erroneously allowed the presumption against suicide to overcome appellee's burden of proof. Under Mississippi law, a plaintiff has the burden of proving a right to recover under the insurance policy sued on. *See, Britt v. Travelers Ins. Co.*, 566 F.2d 1020 (5th Cir.

1978). "That basic burden never shifts from the plaintiff." *Id.* at 1022. Appellant, however, overlooks the nature of the presumption against suicide in Mississippi law. By the aid of this presumption, the plaintiff makes a prima facie case for the trier of fact by showing that death was caused by a bodily injury effected through external and violent means. A plaintiff is not required to show by direct evidence that death was due to accident. *See, Jefferson Standard Life Ins. Co. v. Jefcoats*, 164 Miss. 659, 143 So. 842 (1932).

■ The holding of the district court is supported by more than the presumption against suicide. There was evidence that Goodman was in good financial condition. He was a happily married man with several outside interests. The insured was depressed at times and yielded to crying, nevertheless, the district court concluded that there was nothing in the record to justify or support any suggestion of self-destruction. Indeed, there was no suicide note found at the scene. The physical circumstances attendant to Mr. Goodman's death do not preclude a reasonable inference of accident. The district court was presented with evidence of Goodman's physical maladies and the expert opinions as to how those afflictions might affect his propensity to lose balance. Dr. Galvez, accepted by the court as an expert in the field of pathology and psychiatry, testified that Mr. Goodman's injuries coupled with the medication he was taking, would make him prone to falling down and physical instability while walking. The facts lead to more than one conclusion, and under these circumstances, this court should not disturb the findings made by the trier of fact. *See, Griffin v. Missouri Pacific Railroad Co.*, 413 F.2d 9 (5th Cir. 1969).

■ Appellants also argue that the trial court erred in failing to hold as a matter of law that the appellees were bound by the statements contained in the proof of loss information they submitted. On June 28, 1977, counsel for appellee filed with appellants a claim form with a cover letter stat-

ing that "Mr. Goodman took his life while in a state of depression." Appellant contends that under Mississippi law, in the absence of a showing of fraud or misrepresentation, the appellee is bound by the statements in the proof of loss claim. In support of this position, the appellants cite *National Fire Insurance Co. v. Provine*, 148 Miss. 659, 114 So. 730 (1927), and *Twin States Insurance Co. v. Holcomb*, 196 So.2d 93 (Miss.1967). While these cases lend some credence to appellant's position, the more recent pronouncement of the Supreme Court of Mississippi in *Maryland Casualty Co. v. Legg*, 247 So.2d 812 (Miss.1971), suggests a different rule. There, the court held that the insured was not bound by statements in the proof of loss form where the insurer did not alter its position in any way and did not act to its detriment in reliance on the statement. In the instant case, there are no elements of equitable estoppel present which would require appellee to be bound by the proof of loss statement.

Appellants contend that the trial judge erred in admitting into evidence an opinion by Dr. Gordon, the treating physician, based on possibilities. The colloquy at trial went as follows:

Q  Let me ask you this: if Mr. Goodman had gotten out of his bed unassisted, no one present to help him, and had gotten into the bathroom and had attempted to use the commode for the purposes of a bowel movement, would he have been unsteady and would it have been likely that he would have fallen?

A  I think it is certainly a good possibility that he would have had a great deal of difficulty and he may have fallen in the process.

Appellant asserts that the law is clear that testimony by a physician as to possibilities is inadmissible, citing *Parke-Davis & Co. v. Stromsodt*, 411 F.2d 1390 (8th Cir. 1969). ■ We must begin our analysis with the well-settled principle that the admission or exclusion of expert testimony is a matter ordinarily entrusted to the sound judicial discretion of the trial court. This determination will ordinarily not be disturbed absent a showing of manifest error. *Keystone Plastics, Inc. v. C & P Plastics*, 506 F.2d 960 (5th Cir. 1973). Further, a trial judge sitting without a jury is entitled to even greater latitude concerning the admission or exclusion of evidence. *Wright v. Southwest Bank*, 554 F.2d 661 (5th Cir. 1977). In a non-jury case, the admission of incompetent evidence will not warrant reversal unless all of the competent evidence is insufficient to support the judgment, or unless it affirmatively appears that the incompetent evidence induced the court to make an essential finding which would otherwise not have been made. *Multi-Medical Convalescent and Nursing Center of Towson v. N.L.R.B.*, 550 F.2d 974 (4th Cir. 1977), cert. denied, 434 U.S. 835, 98 S.Ct. 124, 54 L.Ed.2d 97; *Cain v. C.I.R.*, 460 F.2d 1243 (5th Cir. 1972).

*Assuming arguendo* that it was error for the trial court to admit the testimony of Dr. Gordon, we conclude that no manifest error is present. We have already stated that the evidence was sufficient to support the trial court's judgment. There was other expert testimony which was in accord with the testimony of Dr. Gordon. It cannot be said that the testimony of Dr. Gordon induced the finding of the trial court that Goodman's death was accidental.

■ The final contention is that the district court's findings of fact are contrary to the undisputed evidence. The district court's order states: "He [Goodman] was discovered dead in the bathroom hanging by this cord which was caught on a fixture on the wall over behind the commode [1] on which the patient sat when he was strangled. *Pictures show* [2] feces on the floor of this bathroom and [3] indicate some preceding struggle." The appellee concedes that the pictures introduced were taken some time after the incident and did not indicate feces or evidence of a struggle. There was, however, parol evidence that feces was present in at least two areas in the bathroom. The testimony also leads to the inference that there was some struggle,

especially in light of the location of the feces. A maid employed by the hospital testified that she cleaned up after the body was removed. She stated that the feces started at the left side of the commode and covered most of the left side of the floor onto the opening of the door. In light of the preceding evidence, we cannot say that this error in the description of the pictures affected the substantial rights of the appellant. The "administration of justice is something more profound than unattainable inerrancy or verbal perfection." *Tugwell v. A.F. Klaveness & Company*, 320 F.2d 866 (5th Cir. 1963), *cert. denied*, 376 U.S. 951, 84 S.Ct. 967, 11 L.Ed.2d 970.

We hold that the findings of fact made by the district court are not clearly erroneous. *See*, Rule 52(a), Fed.R.Civ.P. The appellant having failed to demonstrate reversible error in this cause, the judgment of the trial court is

AFFIRMED.