**Betty I. Hardy HALL,**
**Plaintiff–Appellant,**
**Cross–Appellee,**

v.

**STATE FARM FIRE & CASUALTY COMPANY, Defendant–Appellee,**
**Cross–Appellant.**

**No. 90–1336.**

United States Court of Appeals,
Fifth Circuit.

Aug. 2, 1991.

Luther C. Fisher, IV, Jim Waide, Tupelo, Miss., for plaintiff-appellant, cross-appellee.

Guy T. Gillespie, III, Holcomb, Dunbar, Connell, Chaffin & Willard, Oxford, Miss., for defendant-appellee, cross-appellant.

Before GARZA, HIGGINBOTHAM and DAVIS, Circuit Judges.

REYNALDO G. GARZA, Circuit Judge:

Hall appeals the lower court judgment against her contending the trial judge erred in interpreting the pretrial order, erred in interpreting the insurance policy and erred in instructing the jury. State Farm appeals because the lower court did not state reasons for denying costs to the prevailing party, State Farm. Finding no reversible error we overrule Hall's points of error and AFFIRM the lower court on those points. Because reasons are required to be stated when costs are denied to the prevailing party, however, we RE-MAND the costs issue to the trial judge to state reasons for denying costs, or alternately to grant State Farm's request for costs.

## I. BACKGROUND

Plaintiff Betty Hardy Hall brought suit for insurance coverage against defendant State Farm Fire & Casualty Company (State Farm). Hall had a valid State Farm fire insurance policy in effect at the time her house burned, and she was hospitalized when the fire occurred. Insurance proceeds for the fire were claimed by Hall under the State Farm policy. State Farm refused coverage, claiming that either Hall, her husband Wayne or someone else under their direction succeeded in burning down the house to collect the insurance money. State Farm also contended coverage was voided because Hall intentionally did not

tell true stories regarding the fire in order to increase her recovery under the policy. State Farm alleged Hall falsely exaggerated the contents of the house which were lost to the fire.

In April 1990, a three-day jury trial was held before a magistrate at both parties' consent. The jury returned a verdict for State Farm. Hall then moved for a judgment notwithstanding the verdict or for a new trial. The trial court denied Hall's motion and entered judgment on the jury verdict. The court further ordered each party to pay its own costs without listing any reasons for this action. Hall was ordered to repay State Farm the advances it had made to her on the policy. Hall appeals the judgment against her, and State Farm cross-appeals on the question of costs.

## II. ISSUES

### A. The pretrial order

Hall contends the trial court erred in interpreting the pretrial order by not restricting the arson issue at trial to the sole question of whether Betty Hall participated in setting the fire. She claims this is clear from the following statements in the pretrial order: (1) "State Farm contends that whoever set the fire did so with the knowledge, approval and cooperation of Betty Hall" and (2) "whether Betty Hall caused or procured the fire of September 23, 1988." Based on these statements from the pretrial order, the evidence concerning whether husband Wayne set the fire, even without her knowledge, was beyond the scope of the order and should not have been admitted argues Hall.

Once entered, a pretrial order governs the trial. *Morris v. Homco Int'l, Inc.*, 853 F.2d 337, 342 (5th Cir.1988). An issue or theory not even implicitly included in the pretrial order is barred unless the order is later amended "to prevent manifest injustice." *Id.* at 343 (quoting Fed.R. Civ.P. 16(e)). This court reviews the trial court's interpretation of a pretrial order only for abuse of discretion. *Swift v. State Farm Mut. Auto. Ins. Co.*, 796 F.2d 120,

122 (5th Cir.1986). "We are not inclined to disturb the ... [trial] court's interpretation of a stipulation agreed upon by the parties during pretrial proceedings and approved by the court." *Hodges v. United States,* 597 F.2d 1014, 1017 (5th Cir.1979) (citation and quotation omitted). A trial court has great discretion in interpreting a pretrial order. *See, e.g., In re P & E Boat Rentals, Inc.,* 872 F.2d 642, 654 (5th Cir.1989); *Nichols Constr. Corp. v. Cessna Aircraft Co.,* 808 F.2d 340, 354 (5th Cir.1985).

■ In the case at bar, the trial court found "as a matter of law that if Wayne Hall procured this fire, there is no liability under the contract." The court found this premise was raised in the pretrial order. The trial judge also found "as a matter of law that Wayne Hall is an insured under the contract and if he did procure the fire, it voids the policy." The pretrial order contained the following issues of fact and law:

a. Whether State Farm must prove breach of the policy condition against intentional acts by a preponderance of the evidence, or by clear and convincing evidence.

.    .    .    .    .

h. All issues of law implicit in the case and addressed in summary judgment motions.

Defendants motion for summary judgment stated as follows: "1. The insurance policy sued upon contains a condition prohibiting any person insured under the policy from procuring or causing a loss to the property for the purpose of obtaining insurance benefits." The plural form "insureds" was used in defendant's motion for summary judgment, the brief supporting the motion and at least one affidavit in support of the motion. When suit was filed solely by Betty, State Farm negotiated and entered into a written agreement with Wayne, in which the parties acknowledged that he was an "insured" under the policy and agreed to forego his joinder in the suit on the condition he waive any potential claims under the policy. Moreover, in the pretrial order Hall listed witnesses and exhibits which indicated her anticipation that Wayne's culpability would be an issue.

Based on the evidence before us, the trial court correctly found that the pretrial order properly raised and preserved the issue of the intentional acts exclusion, including Wayne's sole guilt as being a basis for voiding the policy. Hall also had sufficient notice State Farm would try to show Wayne was an insured and that he was instrumental in burning down the house. Accordingly, the lower court's interpretation of the pretrial order was not erroneous.

### B. Coverage for intentional acts done by Wayne Hall

■ Hall also contends the trial judge erred by incorrectly interpreting the insurance policy condition on intentional acts to exclude coverage for intentional damage caused by her husband. Interpretation of a written contract is a question of law which this court reviews *de novo.* The State Farm policy contains the following provisions:

### DEFINITIONS

"You" and "your" mean the "named insured" shown in the Declarations. Your spouse is included if a resident of your household.

.    .    .    .    .

4. "insured" means you and, if residents of your household:

  a. your relatives;

.    .    .    .    .

### CONDITIONS

.    .    .    .    .

14. Intentional Acts. If you or any person insured under this policy causes or procures a loss to property covered under this policy for the purpose of obtaining insurance benefits, then this policy is void and we will not pay you or any other insured for this loss.

■ Hall asserts the definition of "insured," as used in the intentional acts exclusion is ambiguous because the declarations page listed only Betty I. Hardy as an

insured. In addition, Hall argues the language of the typed declarations page should prevail over that of the printed policy provisions. *Travelers Ins. Co. v. General Refrigeration & Appliance Co.*, 218 So.2d 724, 726 (Miss.1976). A contractual ambiguity must exist, however, before using the rules of construction for interpreting ambiguous contracts. *Seal v. Seal*, 312 So.2d 19, 21 (Miss.1975). The policy before us is not ambiguous. The terms "you" and "insured" are clearly defined to include a resident spouse. Wayne Hall is that resident spouse. Wayne and Betty Hall were married, and Wayne lived in Betty's home. This is undisputed. Furthermore, an insurance contract generally is interpreted "to effect the broad purpose of coverage." *Fireman's Fund Ins. Co. v. McDaniel*, 187 F.Supp. 614, 618 (N.D.Miss.1960), *aff'd*, 289 F.2d 926 (5th Cir.1961) (per curiam). Hall's interpretation of the policy would go against this principle by narrowing, rather than broadening, the coverage.

The lower court judge did not err on this point. The State Farm insurance policy unambiguously excluded coverage for damages due to Wayne's intentional acts. Consequently, Hall's complaint with regard to this issue is without merit.

### C. The jury instructions

In her last two points, Hall contends the trial court erred in instructing the jury. She complains of the trial court's instructions about the effect and burden of proof for the material misrepresentation defense and about the elements of proof for the arson defense. This court reviews jury instructions "with deference." *Treadaway v. Societe Anonyme Louis–Dreyfus*, 894 F.2d 161, 167 (5th Cir.1990). "A judgment will be reversed only when the charge as a whole leaves us with substantial and ineradicable doubt whether the jury has been properly guided in its deliberations." *Id.* at 167–68 (citation and quotation omitted).

### 1. The "misrepresentations" instruction

Hall claims the material misrepresentation instruction was flawed because it did not include a provision that State Farm show it was "prejudiced" by any misrepresentations. The trial court also erred on this instruction contends Hall by instructing the jury that State Farm only had to prove material misrepresentations by a "preponderance of the evidence" instead of by "clear and convincing evidence." The allegedly erroneous instruction read as follows:

State Farm has also raised the affirmative defense of misrepresentation. Specifically, defendant states that plaintiff made misrepresentations by exaggerating the extent of her loss and by concealing and misrepresenting her financial condition. If you believe by a preponderance of the evidence that Betty Hall made misrepresentations to State Farm in any one or both of these ways then you shall return a verdict for the defendant State Farm.

### a. Actual prejudice

The State Farm policy contained a "concealment" clause which voided coverage "if you or any other insured under this policy has intentionally concealed or misrepresented any material fact or circumstance relating to this insurance whether before or after a loss." In Mississippi, for an insurance company to defeat a policy on the basis of a "concealment" clause, it must establish that statements by the insured were (1) false, (2) material and (3) knowingly and willfully made. *Watkins v. Continental Ins. Cos.*, 690 F.2d 449, 451 (5th Cir.1982). Hall does not contend her statements do not meet the above test. Rather, she argues the insurer must show prejudice when it raises a defense based on alleged false information furnished to it by the insured. We disagree with this contention. The cases cited by Hall do not require a showing of prejudice under the facts of the case before us and, we can find no Mississippi cases which do require a showing of prejudice.

*Goodman v. Highlands Ins. Co.*, 607 F.2d 665 (5th Cir.1979), and *Maryland Cas. Co. v. Legg*, 247 So.2d 812 (Miss.1971) are the most analogous cases cited by Hall.

These two cases miss the mark, however. The plaintiff in *Legg* filed a proof of loss for $5,205.80, and the insurer claimed she was estopped to recover any more than this amount. *Legg*, 247 So.2d at 813–14. Since the insurer tendered no money to the insured as satisfaction of the claim, there could be no estoppel. *Id.* at 814. *Goodman*, relying upon *Legg*, involved a dispute over whether the death of an insured while in a hospital was an accident or suicide. This court affirmed the lower court decision that the insured's beneficiary was not estopped from changing her statement because the insurer had not relied to its detriment on the statement. Both of these cases involved situations where the insured sought to change its position for the better after making initial statements in the proof of loss information. Absent the elements of equitable estoppel (change of position in reliance on the conduct of another and detriment caused by that reliance) the insured or his beneficiary was not estopped from a change in position. In the case at bar, the statements were not detrimental to the plaintiff's interest but rather were very favorable to Hall's interest. Consequently, *Goodman* and *Legg* are not applicable. The other cases [1] cited by Hall in support of the prejudice requirement are similarly totally nude.

Hall's proposed instruction requiring State Farm to prove actual prejudice due to any misrepresentation did not correctly state the law. In addition, the instruction given was not inaccurate or misleading. *See Treadaway*, 894 F.2d at 167. Consequently, the trial court did not err in refusing to instruct the jury that State Farm must show it was prejudiced by Hall's misrepresentations.

#### b. *Preponderance of the evidence*

Relying on *McGory v. Allstate Ins. Co.*, 527 So.2d 632 (Miss.1988), Hall also argues the trial judge erred in the misrepresentation instruction by setting the burden of proof as a preponderance of the evidence rather than clear and convincing evidence. *McGory*, a fraud by civil arson declaratory judgment action, stated "Mississippi law requires that a party charging fraud prove his charge by clear and convincing evidence." *Id.* at 635. The *McGory* decision may seem important, but it provides no assistance to the disposition of this issue. The allegedly erroneous instruction dealt with a misrepresentation defense. The defense was essentially that Hall breached the contract, or the terms of the policy, by making material misrepresentations to the insurer. The elements submitted to a jury to void a policy for a violation of a "concealment" clause differ from those submitted if fraud were the defense. Although the two may seem like similar little creatures, they are different. This explains the different burden of proof under Mississippi law. The good thing, however, is that our court has already dealt with this precise issue in *Barnes v. Shelby Mut. Ins. Co.*, 751 F.2d 1257 (5th Cir.1985) (per curiam) (unpublished opinion). *Barnes*, citing *Weems v. American Sec. Ins. Co.*, 450 So.2d 431 (Miss.1984), stated "proof of a willful violation of a policy condition is subject to the 'preponderance of the evidence' standard." In *Barnes* the insurer asserted that in violation of the terms of the insurance policy, the insured has made misrepresentations of material facts in his sworn proof of loss. *Barnes* controls this issue, and the lower court did not err by instructing the jury that a breach of contract provision need only be proven by a preponderance of the evidence.

---

1. *Merchants Nat. Bank, Vicksburg, Miss. v. Southeastern Fire Ins. Co.*, 751 F.2d 771, 779 (5th Cir.1985), held that a false statement cannot be material when the insurer is aware of the non-disclosed information. *Reserve Life Ins. Co. v. McGee*, 444 So.2d 803, 811–12 (Miss.1983), involved misrepresentations made in a policy application and the insurer later sought to void the policy *ab initio*. Thus, that case differs from Hall's situation where a post-loss misrepresentation is made in violation of a concealment clause. Finally, in *Southeastern Fidelity Ins. Co. v. Gann*, 340 So.2d 429, 430 (Miss.1976), the insured referred the insurer to the county land records for the status of title on insured property. The *Gann* court concluded that such a reference was not a willful concealment such as would void the policy. None of the cases discussed in this footnote even slightly suggest the insurer must suffer prejudice to defeat a policy on the basis of a "concealment" clause.

### 2. The arson, motive and opportunity instruction

In her final point of error, Hall strongly complains of the following instruction given by the court below:

> In order to prove that Betty or Wayne Hall were responsible for the fire, State Farm is not required to produce an independent eye witness to the cause of the fire. State Farm is not required to prove the precise manner in which the fire may have been set, or, the identity of the person who actually set the fire. Nor is State Farm required to prove that Betty Hall physically set the fire herself, or that she confessed to setting the fire.
>
> If State Farm has proven by clear and convincing evidence that:
>
> (1) the fire was intentionally set by someone; and
>
> (2) the insured had a motive for seeing the property burned; and
>
> (3) the insured had the opportunity, through others, to have the fire set,
>
> Then it is your sworn duty to return a verdict for State Farm.

Hall contends this instruction allows the jury to return a verdict for the defendant even though the insured may not have set the fire. The jury could have returned a verdict against the plaintiff, Hall asserts, as long as it found she had a motive to destroy the property and had an opportunity to do so whether she acted upon the opportunity or not.

Although this particular portion of the charge is not a model of clarity, we disagree with Hall's arguments. The jury instructions read as a whole show the jury had to find either Betty or Wayne Hall or someone procured by them set the fire. Most, if not all, of the jury instructions were clear on who had the burden to prove

exactly which elements.[2] Moreover, we assume the jury was not sleeping the entire trial. The main issue at trial was whether or not Betty or Wayne Hall procured someone to burn down the house. The jury knew this, and looking at the trial and the instructions taken as a whole, rather than in isolation, this single instruction does not leave us "with substantial and ineradicable doubt" that the jury was misguided in its instructions. *Treadaway*, 894 F.2d at 168 (citation and quotation omitted). Hall's final point of error is accordingly overruled.

### D. State Farm's Cross–Appeal

State Farm cross-appeals claiming the trial court should have awarded it costs as the prevailing party. "[C]osts shall be allowed as of course to the *prevailing party* unless the court otherwise directs." Fed.R.Civ.P. 54(d) (emphasis ours). Without providing any reason, the trial court ordered each party to bear its own costs. A trial judge has wide discretion with regard to the costs in a case and may order each party to bear his own costs. The judge cannot, however, order the prevailing party to share, or shoulder all of, the costs of the nonprevailing party unless the costs serve as a sanction. *See Three–Seventy Leasing Corp. v. Ampex Corp.*, 528 F.2d 993, 999 (5th Cir.1976) ("Rule 54(d) does not give the district court the power to award costs to the nonprevailing party, but only gives that court discretion to order that each party bear part or all of its own costs."); *see also Sheets v. Yamaha Motors Corp., U.S.A.*, 891 F.2d 533, 539 (5th Cir.1990) ("[I]n exceptional circumstances, the district court may actually tax costs against the prevailing party as a sanction."). Reasons for the decision should be stated by the trial court when

---

**2.** For example, Court's Instruction 2 read in part: "[I]f you find that there is clear and convincing evidence that the plaintiff, Mrs. Hall, or husband, Wayne Hall, burned Mrs. Hall's house or procured someone to burn the house in order to collect the insurance proceeds, then you shall return a verdict for the defendant State Farm." Jury Instruction P–4 read in part: "[T]he mere fact that the house was deliberately set on fire is not grounds for refusing to pay a claim. The burden of proof is on the Defendant insurance company to prove to you by clear and convincing evidence, that Betty Hall or Wayne Hall caused or procured the arson." Lastly, Jury Instruction No. D–5 read in part: "In this case, State Farm has raised [the defense that] Betty Hall procured someone to set fire to the property.... If you believe that State Farm has proved [this], then it is your sworn duty to return a verdict for State Farm as to all claims for insurance proceeds."

the prevailing party is not awarded costs. *See Walters v. Roadway Express, Inc.*, 557 F.2d 521, 526 (5th Cir.1977); *see also Sheets v. Yamaha Motors Corp., U.S.A.*, 891 F.2d 533, 539 (5th Cir.1990) ("[T]he district court is required to provide justification for its actions [in denying costs]."). Because no reasons were given by the trial judge, this part of the case, the cross-appeal, is remanded to the trial judge so he may state a justification for denying costs to the appellees or alternately grant costs to appellees, the prevailing party at trial. *See Walters*, 557 F.2d at 527. *See also Siegal v. Mazda Motor Corp.*, 878 F.2d 435, 439–40 (D.C.Cir.1989) (remanding the case to the district court for reconsideration of the prevailing party's request for costs and ordering reasons stated if costs are denied).

## III. CONCLUSION

The trial court in this case did not commit any error with regard to the interpretation of the pretrial order and the insurance contract; neither did it commit error in the jury instructions. The jury spoke and found against Hall. This ended the case.

We must, however, remand the case to the district judge to state his reasons for denying the prevailing party, State Farm, its costs, or alternately to grant their motion for costs. Accordingly, the judgment that declares State Farm not liable on their insurance policy is AFFIRMED and the matter of costs is REMANDED to the court below for clarification.