UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-50476
_____


JOHN R. HAWKINS, SR.; PENNY LEWIS; DOLORES MOORE;
ERNESTINE PATRICK,

                              Plaintiffs - Appellants,

                    versus

BURLESON COUNTY, TEXAS; EVELYN M. HENRY, County Clerk;
CRAIG BOYETT, Deputy Sheriff; RONALD URBANOVSKY, Sheriff,

                              Defendants - Appellees.

_____

    Appeal from the United States District Court for the
              Western District of Texas
_____

                    * * * * * *

                _____

                No. 95-50543
                _____


JOHN R. HAWKINS, SR.; PENNY LEWIS; DOLORES MOORE;
ERNESTINE PATRICK,

                              Plaintiffs   -   Appellants
                              Cross-Appellees,

                    versus

BURLESON COUNTY, TEXAS,

                              Defendant - Appellee,

EVELYN M. HENRY, County Clerk; CRAIG BOYETT, Deputy Sheriff;
RONALD URBANOVSKY, Sheriff,

                              Defendants - Appellees
                              Cross-Appellants.

_____

Appeal from the United States District Court for the
Western District of Texas
(A-93-CV-791)
_____

June 26, 1996

Before BENAVIDES, STEWART and DENNIS, Circuit Judges.

PER CURIAM:[*]

This is a consolidated appeal.  The case involves: an appeal from a partial summary judgment order, an appeal from a take-nothing final judgment in favor of the Defendants, and a cross-appeal by the Defendants on costs.

In No. 95-50476, Plaintiffs-Appellants appeal from a partial summary judgment dismissing all claims against Burleson County and dismissing claims based upon violations of the Eighth and Fourteenth Amendments against the remaining Defendants.  Having carefully considered the record, the briefs, and the argument of counsel, we affirm basically for the reasons set forth in the magistrate judge's recommendation that was adopted by the district court.

In No. 95-50543, Plaintiffs-Appellants appeal from a take-nothing judgment in favor of Defendants.  In its verdict, the jury rejected the bulk of Plaintiffs' claims including finding no First or Fourth Amendment violation, no conspiracy to violate constitutional rights, no false imprisonment or conspiracy to falsely imprison, and no intentional infliction of emotional

_____

[*]Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

distress.  The jury found for the Plaintiffs on a single negligence claim only as to one defendant, Evelyn Henry.  Most importantly, the jury found zero actual damages.  Nonetheless, the jury awarded $400 in punitive damages.

The district court properly entered a take-nothing judgment. The evidence is legally sufficient to support the jury's zero damage finding.  Under Texas law, proximately-caused damages is an element of negligence.  See <u>Greater Houston Transp. Co. v. Phillips</u>, 801 S.W.2d 523, 525 (Tex. 1990).  Likewise, as a matter of law, punitive damages cannot be awarded absent a finding of actual damages.  See <u>Federal Express Corp. v. Dutschmann</u>, 846 S.W.2d 282, 284 (Tex. 1993).  The zero actual damage finding requires the take-nothing judgment.

In one respect, however, the final judgment must be remanded. In the final judgment, the district court ordered all parties to bear their own costs.  On cross-appeal, Defendants contend that as the prevailing party they are entitled to costs.  R u l e  5 4 ( d ) provides that costs shall be allowed as of course to the prevailing party unless the court otherwise directs.  Fed. R. Civ. P. 54(d). Even though the rule does not prevent a court from requiring a prevailing party to bear its own costs, the intent of the rule is that the prevailing party is entitled to costs and denial is a form of penalty.  <u>Walters v. Roadway Express, Inc.</u>, 557 F.2d 521, 526 (5th Cir. 1977).  When a trial court exacts such a penalty, it should state a reason for its decision.  <u>Id.</u>  A trial court abuses its discretion when it provides no reasons for the denial.  <u>Id.</u>; <u>Hall v. State Farm Fire & Casualty Co.</u>, 937 F.2d 210, 216-17 (5th

Cir. 1991).

The final judgment of the district court ordered the plaintiffs "take nothing by any of their claims against any of the Defendants." The Defendants were "hereby dismissed with prejudice." The Defendants are the prevailing party. However, the final judgment ordered that "[c]osts of Court in this case shall be borne by the party bearing such." The district court did not, however, articulate any reason for the denial of costs to the prevailing party. Consequently, we remand the matter of costs to the district court for it to state a justification for its denial or alternatively to grant their motion for costs. See Hall, 937 F.2d at 217; Walters, 557 F.2d at 526-27.

The summary judgment order in No. 95-50476 is AFFIRMED. The final judgment order in No. 95-50543 is AFFIRMED IN PART and REMANDED IN PART, solely on the issue of costs.