UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT
No. 97-40947
Summary Calendar

SUSAN WILSON,

Plaintiff-Appellant/Cross-Appellee,

versus

CITY OF PLANO, TEXAS,

Defendant-Appellee/Cross-Appellant.

_____

Appeals from the United States District Court
for the Eastern District of Texas
_____

March 6, 1998

Before WIENER, BARKSDALE, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Susan Wilson appeals from the summary judgment dismissing her Title VII sexual harassment (hostile work environment) claim against her former employer, the City of Plano, Texas. Wilson contends that there is a material fact issue as to whether the City had actual or constructive knowledge of the alleged harassment and failed to take prompt remedial action; and, alternatively, that there is a material fact issue as to whether the harassing supervisor was an agent of the City and whether his knowledge of

the harassment can be imputed to the City. Pursuant to our requisite *de novo* review of the summary judgment record, we **AFFIRM** essentially for the reasons stated by the district court. ***Wilson v. City of Plano, TX***, No. 4:96-CV-190 (E.D. Tex. 7 July 1997) (unpublished).

The City cross-appeals the district court's order requiring it, the prevailing party, to bear its own costs. Pursuant to FED. R. CIV. P. 54(d), except when provided otherwise by statute or rule, "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs". Although the district court has broad discretion in determining whether to award costs to a prevailing party, Rule 54(d) creates "a strong presumption that the prevailing party will be awarded costs". ***Schwarz v. Folloder***, 767 F.2d 125, 131 (5th Cir. 1985). Our court has held that, when a district court declines to award costs to a prevailing party, it should state its reasons for doing so. ***Id***. at 131-32. *See also* ***Hall v. State Farm Fire & Cas. Co.***, 937 F.2d 210, 216-17 (5th Cir. 1991); ***Walters v. Roadway Express, Inc.***, 557 F.2d 521, 526-27 (5th Cir. 1977). Because the district court did not state reasons for requiring the City to bear its own costs, we **REMAND** the question of costs to the district court for reconsideration of its decision. If the district court determines that the City is not entitled to costs, it should state its reasons for that decision.

*SUMMARY JUDGMENT AFFIRMED;*

*REMANDED FOR RECONSIDERATION AS TO COSTS AWARD*