UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-50792
SUMMARY CALENDAR
_____

JAMES DAVID PRATER,

Plaintiff-Appellant,

v.

WACKENHUT CORRECTIONS CORPORATION,

Defendant-Appellee.

_____

On Appeal from the United States District Court for the
Western District of Texas, Austin
A-99-CV-578-JN
_____

June 14, 2002

Before REYNALDO G. GARZA, JOLLY, and WIENER, Circuit Judges.

REYNALDO G. GARZA, Circuit Judge:[1]

On December 17, 2001, Plaintiff-Appellant James David Prater, an inmate at the Travis

County Community Justice Center, was assaulted by other inmates. Prater sustained bodily

injuries, including a broken jaw, and sued Defendant-Appellee Wackenhut Corrections

Corporation, alleging causes of action for negligence, fraud, false imprisonment, and civil rights

_____

[1]Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

violations.[2]  Following a jury trial, the district court conducted a charge conference during which the parties were informed of the charge it intended to give the jury.  During this conference, Prater objected to the court's denial of his request for jury questions and instructions as to his common-law fraud claim.  On June 29, 2001, following the jury verdict, the district court entered a take-nothing judgment against Prater.  Prater filed a motion for new trial on July 3, and on July 16 the district court entered an order denying Prater's motion.

We review a district court's use of special interrogatories for abuse of discretion.  *See DSC Communications. v. Next Level Communications.*, 107 F.3d 322, 327 (5th Cir. 1997).   In addition, a district court has broad discretion in the instructions it gives to a jury, and we will grant a reversal only when the charge as a whole leaves us with a substantial and ineradicable doubt as to whether the jury was properly guided in its deliberations.   *See Stine v. Marathon Oil Co.*, 976 F.2d 254, 259 (5th Cir. 1992)(quoting *Hall v. State Farm Fire & Cas. Co.*, 937 F.2d 210, 214 (5th Cir. 1991)).  Even if the jury charge was erroneous, the party must still demonstrate that it was harmed by the error.  *See Martin's Herend Imps., Inc. v. Diamond & Gem Trading U.S. Co.*, 195 F.3d765, 774 (5th Cir. 1999).

A district court is not to instruct the jury on a legal theory absent evidence to support that theory.  *See Lorenz v. Celotex Corp.*, 896 F.2d 148, 151 (5th Cir. 1990) (citing *Neubauer v. City of McAllen*, 766 F.2d 1567, 1575 (5th Cir. 1985)).  "A jury should be instructed on a legal theory only if the evidence adduced at trial is sufficient to justify such an instruction." *Foster v. Ford Motor Co.*, 621 F.2d 715, 717 (5th Cir. 1980); *Liner v. J.B. Talley & Co.*, 618 F.2d 327, 330-31

---

[2]The Texas Department of Criminal Justice was originally a party to the suit, but Prater agreed to dismiss it from the suit in exchange for production of certain discovery requests.

2

(5th Cir. 1980).

Under Texas law, the following six elements are required for a finding of common law fraud: 1) A material representation was made; 2) It was false; 3) When it was made the speaker either knew of the statement's falsity or recklessly made a positive assertion with no knowledge as to its truth or falsity; 4) The representation was made with the intention that it should be acted upon by the recipient party; 5) The recipient party acted in reliance on it; and 6) The recipient party suffered injury as a result. *See Trenholm v. Ratcliff*, 646 S.W.2d 927, 930 (Tex. 1983).

For a fraudulent misrepresentation to be actionable, it must be made either directly to the defrauded recipient or indirectly through another person with the intent that it should be repeated for the purpose of deceiving the ultimate recipient. *See Neuhaus v. Kain*, 557 S.W.2d 125, 138 Prater's argument conflates breach of contract and fraud, but these are two distinct actions. While an intended third party beneficiary may have standing to sue for breach of contract, *MCI Telecomms. Corp. v. Texas Utils. Co.*. 995 S.W.2d 647, 651 (Tex. 1999); *Knox v. Ball*, 191 S.W.2d 17, 21 (Tex. 1945), Prater has no standing to assert a fraud claim when no misrepresentation was made to him or made with the intention of reaching him and when he did not act upon any misrepresentation. *See Ernst & Young, L.L.P. v. Pacific Mut. Life Ins. Co.*, 51 S.W.3d 573, 578 (Tex. 2001).

Prater's argument is unsupported by case law, and his argument is a patchwork of carefully selected phrases from contracts and negligent misrepresentation cases that does not withstand scrutiny. As Prater cannot make out a prima facie case for fraud, the district court acted properly and the judgment is AFFIRMED.

3