MOODY NATIONAL BANK OF
GALVESTON Plaintiff,

v.

GE LIFE AND ANNUITY
ASSURANCE COMPANY
Defendant.

No. CIV.A.G–02–531.

United States District Court,
S.D. Texas,
Galveston Division.

July 30, 2003.

Steven Carl Windsor, Greer, Herz & Adams, Galveston, TX, for Plaintiff.

Andrew C. Whitaker, Figari Davenport et al., Dallas, TX, for Defendant.

## ORDER DENYING DEFENDANT'S MOTION TO ALTER OR AMEND JUDGMENT

KENT, District Judge.

Plaintiff Moody National Bank of Galveston ("Moody Bank") brought this lawsuit against Defendant GE Life and Annuity Assurance Company ("GELAAC") seeking to recover $499,212.19 that GELAAC allegedly owed to Moody Bank upon the death of Ronald M. Schwartz ("Schwartz"). GELAAC filed a Motion for Summary Judgment in the case, which this Court granted on June 30, 2003. In granting the Motion, the Court stated that each Party was to bear its own taxable costs and expenses. On July 14, 2003, GELAAC, the prevailing party, filed a Motion to Alter or Amend Judgment, asking the Court to tax all costs against Moody Bank. The Bank timely responded. For the reasons articulated below, the Court **DENIES** Defendant's Motion to Alter or Amend Judgment.

### I. Analysis

The Court denies GELAAC's request for the Court to tax all costs against Moody Bank because GELAAC's request

is unwarranted and untimely. Rule 54 of the Federal Rules of Civil procedure states

> Except when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party *unless the court otherwise directs;* .... Such costs may be taxed by the clerk on one day's notice. On *motion served within 5 days thereafter,* the action of the clerk may be reviewed by the court.

Fed R. Civ. P. 54(d)(1) (emphasis added). It is within the Court's discretion to decide to award costs to the prevailing party. *See id.; see also Hall v. State Farm Fire & Cas. Co.,* 937 F.2d 210, 216 (5th Cir.1991) ("A trial judge has wide discretion with regard to the costs in a case and may order each party to bear his own costs."); *Three–Seventy Leasing Corp. v. Ampex Corp.,* 528 F.2d 993, 999 (5th Cir. 1976) ("Rule 54(d) does not give the district court the power to award costs to the nonprevailing party, but only gives that court discretion to order that each party bear part or all of its own costs."). Because this Court's June 30 Order Granting Defendant's Motion for Summary Judgment did not explicitly state the Court's reasons for ordering each Party to bear its own costs and expenses, the Court articulates such reasons here for the record. *See Hall,* 937 F.2d at 216–17 ("Reasons for the decision should be stated by the trial court when the prevailing party is not awarded costs."); *see also Sheets v. Yamaha Motors Corp., U.S.A.,* 891 F.2d 533, 539 (5th Cir.1990) ("[T]he district court is required to provide justification for its actions [in denying costs]."). First, the Court refused to award costs to GELAAC because the case involved close questions of law and because the Court found that Moody Bank brought suit in good faith. *See Malbrough v. State Farm Fire & Cas. Co.,* No. Civ.A. 95–3340, 1996 WL 696290, at *1–2 (E.D.La. Nov. 25, 1996) (refusing to amend a judgment to award costs to the prevailing party "because the matter involved close and difficult issues and the suit was brought in good faith"). Second, the Court finds that certain of GELAAC's actions unnecessarily extended the time necessary for the action to be resolved. For example, the corporate representative GELAAC provided for deposition stated that she had not made any effort to investigate the meaning of the letter that clearly formed the basis of Moody Bank's Complaint. In fact, the corporate representative did not discuss the letter's meaning with the employee who wrote it, Teresa Brissette. Furthermore, GELAAC did not even disclose Brissette as a "person with knowledge" in its Original Rule 26(a) Disclosures, despite the fact that the case obviously would turn on the meaning of her letter, and GELAAC did not provide Moody Bank with Brissette's address until discovery was well underway. The Court finds that this case could have been resolved with greater celerity had GELAAC been more forthcoming during discovery. Thus, because this case presented close questions of law, which Moody Bank presented in good faith, and because certain of GELAAC's tactics during discovery unnecessarily delayed the case's resolution, the Court again determines that each Party should bear its own taxable costs and expenses.

■ The Court alternatively holds that GELAAC's Motion to Alter or Amend Judgment is untimely and denies the Motion on that basis as well. GELAAC's Motion is solely a Motion for costs, which, according to Rule 54(d)(1) and Fifth Circuit authority, must be made within five days of the clerk's entering the cost award on the docket. *See* Fed.R.Civ.P. 54(d)(1); *see also Prince v. Poulos,* 876 F.2d 30, 33–34 (5th Cir.1989) (refusing to award costs

on appeal because the appellant failed to object to the costs within the five-day time period required by Rule 54); *Walker v. California*, 200 F.3d 624, 626 (9th Cir. 1999) ("In light of the language of Rule 54(d)(1) and ample persuasive authority from our sister circuits, we hold that a party may demand judicial review of a cost award only if such party has filed a proper motion within the five-day period specified in Rule 54(d)(1)."). The clerk of this Court entered the Order Granting Defendant's Motion for Summary Judgment and Final Judgment in this case on June 30, 2003. Defendant did not file its objection to the Court's cost award until July 14, 2003–nine days too late. Thus, the Court alternatively holds that Defendant's request for costs must be denied because of its untimeliness.

## II. Conclusion

The underlying dispute between the Parties presented a close question, which this Court spent considerable time and effort analyzing. Ultimately, the Court reached the conclusion that Defendant should prevail on the merits, despite Plaintiff's sincere arguments to the contrary and despite Defendant's dilatory discovery tactics. In this case, prevailing on the merits should have been sufficient for Defendant-the Court does not appreciate Defendant's demand for a pound of flesh as well. For all of the reasons set forth above, the Court hereby **DENIES** Defendant's Motion to Alter or Amend Judgment. Each Party is to bear its own taxable costs and expenses incurred herein to date.

**IT IS SO ORDERED.**