**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 16, 2009

Charles R. Fulbruge III
Clerk

No. 09-20197
Summary Calendar

FEDERAL LAND BANK ASS'N OF SOUTH ALABAMA, FLCA,

Plaintiff-Third Party Defendant–
Appellee

v.

H&H WORLDWIDE FINANCIAL SERVICE, INC.,

Defendant

and

STEVEN P. MOCK,

Third Party Defendant–Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:07-cv-02832

Before BENAVIDES, PRADO, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

---

[*] Under Fifth Circuit Rule 47.5, we have determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Fifth Circuit Rule 47.5.

The district court found Steven P. Mock liable for civil conspiracy against the Federal Land Bank Association of South Alabama, FLCA (the "Bank"). On appeal, Mock argues that the district court abused its discretion in finding him liable because the final pretrial order sought no relief against him. Mock failed to raise this argument in the district court, and he is barred from doing so now. We affirm the district court's judgment.

## I. BACKGROUND

The Bank lent $68.5 million (the "Loan") to H&H Worldwide Financial Service, Inc. ("H&H"). Mock was an attorney and a senior officer for H&H. The Bank sued H&H and related defendants (collectively the "H&H Defendants") and John R. Crouch for wrongdoing in connection with the loan. The Bank alleged that the H&H Defendants conspired with Crouch, an officer of the Bank, to commit RICO violations, securities fraud, common law fraud, and other wrongful acts in connection with the Loan.

The H&H Defendants answered and counterclaimed, alleging that certain loan documents were incomplete at execution and therefore unenforceable. In response, the Bank filed a third-party complaint against Mock, claiming that Mock represented in writing to the Bank that the loan documents were binding and enforceable. The Bank contended that if the loan documents were not fully enforceable, then Mock was liable to the bank for negligent misrepresentation, common-law fraud, and fraudulent inducement. The third-party complaint also contained a claim against Mock for civil conspiracy, which was not contingent on the H&H Defendants' success on their counterclaim. In a subsequent amendment, the Bank dropped the fraudulent inducement claim but maintained the negligent misrepresentation, common-law fraud, and civil conspiracy claims.

The district court dismissed the H&H Defendants' counterclaims, rendering moot the Bank's third-party negligent misrepresentation and fraud

claims against Mock. The only claim remaining against Mock was the civil conspiracy claim.

The parties filed their proposed pretrial order. On appeal, Mock argues that the pretrial order did not even mention him. This is not accurate. The pretrial order listed Mock as appearing pro se, and the pretrial order's statement of the case described Mock as an attorney who represented H&H in connection with the loan closings. Also in the statement of the case, the Bank asserted that in making the loans it relied on fraudulent statements made by the defendants, that the proceeds of the loans were used for unlawful purposes, and that some or all of the defendants compensated Crouch for his participation.

Immediately before trial, the district court asked the parties (including Mock) in open court if they had looked at the pretrial order. They indicated that they had. The district court confirmed that it was a joint order and instructed the parties to sign it. The district court also confirmed that although the Bank had dismissed its negligent misrepresentation, common-law fraud, and fraudulent inducement claims against Mock, the Bank still had a civil conspiracy claim against Mock. Indeed, the district court noted that the civil conspiracy claim was the only reason for Mock's ongoing involvement in the case.

In his initial appeal brief, Mock argues that the district court abused its discretion in finding him liable because the final pretrial order sought no relief against him. In its responsive brief, the Bank argues that Mock is barred from raising this argument in the appellate court because he failed to raise it in the district court. Mock did not file a reply brief.

## II.  ANALYSIS

We have jurisdiction over the district court's final judgment under 28 U.S.C. § 1291.

Mock argues that immediately before trial, he stated in open court that the pretrial order limited the Bank's relief against him. The record does not support

3

this assertion. The transcript of court proceedings immediately before trial does not show that Mock made any statements at all, much less that he argued that the pretrial order limited the Bank's relief. Further, the docket shows a flurry of activity in the days leading up to the trial, but nothing indicates that Mock or anyone else filed any documents relating to this issue.

When a party "fail[s] to present [an] argument to the district court," the party usually is "barred from making this argument on appeal." *Doe v. MySpace, Inc.*, 528 F.3d 413, 422 (5th Cir. 2008). "To avoid being waived, an argument 'must be raised to such a degree that the trial court may rule on it.'" *Brown v. Ames*, 201 F.3d 654, 663 (5th Cir. 2000) (quoting *In re Fairchild Aircraft Corp.*, 6 F.3d 1119, 1128 (5th Cir. 1993)); *see also Stokes v. Emerson Electric Co.*, 217 F.3d 353, 358 n.19 (5th Cir. 2000) ("Arguments not raised in the district court cannot be asserted for the first time on appeal."). Because Mock failed to raise this argument in the district court, he is barred from raising it on appeal.

Moreover, Mock would not prevail even if he were not barred from raising this argument. On appeal, we review a trial court's interpretation of a pretrial order for abuse of discretion. *Hall v. State Farm Fire & Cas. Co.*, 937 F.2d 210, 212-13 (5th Cir. 1991). Generally, we will not reverse unless "[a]n issue or theory [is] not even implicitly included in the pretrial order." *Morris v. Homco Int'l, Inc.*, 853 F.2d 337, 342 (5th Cir. 1988). Here, it is true that the pretrial order did not explicitly state that the Bank was bringing a claim for civil conspiracy against Mock. But the pretrial order stated that Mock was a defendant and described his role in the conspiracy. Further, Mock knew that the Bank had brought a conspiracy claim against him because that claim was in both the counterclaim and the amended counterclaim, and the district court restated it at the beginning of trial. Accordingly, the district court did not abuse its discretion by finding Mock liable for civil conspiracy.

4

We affirm the district court's judgment.